

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
———————————————————————X

GEORGE McMILLAN, Jr.,

                Plaintiff,

-against-

JOHN DOE, Department Head, United States Postal
Service, Headquarters; PETER CRUCIATA,
Supervisor, AMF-JFK, New York; BERNARD
WINECOFF, Supervisor, AMF-JFK, New York;
FRANK SALZO, Supervisor, AMF-JFK, New York;
NATHANIEL KEEVE, Supervisor, AMF-JFK,
New York; GRACE FLOWERS, Supervisor,
AMF-JFK, New York; ARDINE HARLEY,
Supervisor, AMF-JFK, New York; HENRY
BROWN, Superintendent, AMF-JFK, New York;
JOHN DOE, Manager, Equal Employment
Opportunity, Regional New York;
PETER GOODWIN, Manager/Director,
Employee & Labor Relations, New York;
HYMAN ALTMAN, Manager, Employee &
Labor Relations, AMF-JFK, New York;
JEFFREY SMITH, Manager, Employee &
Labor Relations, AMF-JFK, New York;
THOMAS BOMAR, Counselor, Equal Employment
Opportunity, Freeport, New York; JOHN DOE,
Manager, Employee & Labor Relations, Flushing,
New York; JOHN DOE, Manager, Employee &
Labor Relations, Hempstead, New York;
JOHN DOE, Manager, Employee &
Labor Relations, Jamaica, New York,

                Defendants.
———————————————————————X

**MEMORANDUM AND ORDER**
06-CV-1577 (NGG)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT. E.D.N.Y.

★ JUN 2 6 2006 ★

BROOKLYN OFFICE

GARAUFIS, United States District Judge:

       Plaintiff George McMillan, Jr., brings this action *pro se* regarding his employment termination by the United States Postal Service ("USPS") in 1984 and his unsuccessful efforts at challenging his allegedly wrongful termination before the Equal Employment Opportunity

Commission ("EEOC") and the Department of Labor. Plaintiff alleges that defendants discriminated against him based on his mental disability in violation of the Rehabilitation Act of 1973, 29 U.S.C. §§ 791, et seq., and requests $500,000 in damages. Plaintiff requests the Court to waive its filing fees and grant him permission to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915. For the reasons set forth below, the Court grants plaintiff's request to proceed IFP solely for the purpose of this Order, but dismisses the complaint for the reasons stated below.

Plaintiff's IFP Request

A party instituting a civil action other than a petition for a writ of habeas corpus is required to pay a filing fee of $350, see 28 U.S.C. § 1914(a), or the party may seek to waive the filing fee by submitting an application to proceed IFP under 28 U.S.C. § 1915. Plaintiff's affidavit regarding his ability to pay the Court's filing fee reports that he has been unemployed since 1984 and that he receives around $2700 per month from the Department of Veterans Affairs and around $900 per month from the Social Security Administration. Plaintiff also stipulates that he supports his son and pays $500 per month on rent. The Court finds that plaintiff's declaration fails to establish that he is unable to pay the $350 filing fee.

Generally, this Court would direct plaintiff to either submit to the Clerk's Office the full filing fee or an amended IFP application establishing his indigent status in order to proceed with this action. However, because the instant complaint is barred by *res judicata*, plaintiff's action is dismissed.

Res Judicata

"Under the doctrine of *res judicata*, once a final judgment has been entered on the

merits of a case, that judgment will bar any subsequent litigation by the same parties or those in privity with them concerning the transaction, or series of connected transactions, out of which the first action arose." Cieszkowska v. Gray Line New York, 295 F.3d 204, 205 (2d Cir. 2002) (quotation omitted) (alteration omitted). *Res judicata* prevents a plaintiff from litigating claims that were or could have been raised in a prior action against the same defendant. Id.

In 1994, plaintiff filed an action in this Court pursuant to the Rehabilitation Act against the USPS, the Department of Labor/Office of Workers Compensation Programs, the Merit Systems Protections Board ("MSPB"), and employees of those agencies. See McMillan v. United States Postal Serv., et al., No. 94-CV-4384 (CPS) (E.D.N.Y.). Plaintiff's action challenged his allegedly unlawful termination by the USPS in 1984 and the unfavorable decisions of the EEOC and MSPB regarding his termination, and requested damages in excess of $1,400,000. See id. By order dated March 19, 1997, the Court considered the action on its merits and dismissed it in its entirety. See id., slip op. at 11 (E.D.N.Y. Mar. 19, 1997).

Although plaintiff is entitled to a liberal reading of his pleadings, McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004), plaintiff's instant complaint raises the same events and similar claims as in his prior complaint. Therefore, plaintiff's instant complaint is barred by *res judicata*. Cieszkowska, 295 F.3d at 206 (plaintiff's second *in forma pauperis* complaint barred by *res judicata* where the "allegations in the first and second complaints involve the same events" and plaintiff "could have brought [the second] cause of action in her prior action"); cf. Flaherty v. Lang, 199 F.3d 607, 616 (2d Cir. 1999) (*res judicata* is inapplicable where *pro se* plaintiff was not given fair opportunity to litigate that claim by the district court and was led astray in terms of how to seek relief).

3

Conclusion

For the reasons set forth above, the case is dismissed as barred by *res judicata*. The court certifies pursuant to 28 U.S.C. §1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/signed/
NICHOLAS G. GARAUFIS
United States District Judge

Dated: June 21, 2006
Brooklyn, New York

4